IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Deniz Bolbol, et al., | NO. C 04-00082 JW |
| Plaintiff(s), | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' APPLICATION TO FILE SECOND AMENDED COMPLAINT** |
| Ringling Brothers Barnum and Bailey Circus, et al., | |
| Defendant(s). | |

## I. INTRODUCTION

On September 3, 2003, the Ringling Brothers Barnum and Bailey Circus ("the Circus") traveled to the HP Pavilion in San Jose. On that same day, Plaintiffs, a group of animal rights activists, also traveled to the HP Pavilion to publicly protest the Circus's alleged mistreatment of animals. Plaintiffs' protest resulted in their arrests. Defendants City of San Jose ("City") and HP Pavilion Management ("HPPM"), the remaining defendants in this lawsuit, allegedly contributed to Plaintiffs' arrests. Plaintiffs filed this lawsuit against them, alleging Violation of 42 U.S.C. § 1983 (Violation of U.S. CONST. amend. I), Violation of CAL. CIV. CODE § 52.1 (Violation of CAL. CONST. art. I, § 2(a)), and Violation of CAL. PENAL CODE §§ 602.1, 837, 847. Presently before this Court is

Plaintiffs' Application to File Second Amended Complaint (hereinafter "Plaintiff's Motion," Docket Item No. 93). On June 6, 2005, this Court entertained oral argument regarding Plaintiffs' Motion. For the reasons set forth below, this Court GRANTS Plaintiffs' Motion in part and DENIES it in part.

## II. BACKGROUND

Defendant City owns the HP Pavilion, a large indoor arena that serves as a venue for sporting events, musical concerts, and other forms of entertainment. (First Amended Complaint, hereinafter "FAC," Docket Item No. 15, ¶ 14, 15.) Defendant HPPM manages the HP Pavilion pursuant to a contract with City. (FAC ¶¶ 12, 16.)

The HP Pavilion first opened its doors in September 1993, and the Circus was the first event it ever hosted. (FAC ¶¶ 17-18.) As early as that first Circus in September 1993, animal rights activists gathered at the HP Pavilion to protest the Circus's alleged mistreatment of animals, to distribute informational flyers, and to videotape the animals. (FAC ¶ 19.) Since 1993, the Circus has returned to the HP Pavilion annually--and animal rights activists have returned to the HP Pavilion to protest the Circus annually. For the most part, these encounters have been relatively peaceful. Notably, from September 1993 to September 2002, "activists freely communicated with thousands of patrons without a single incident or complaint filed against them by any patron." (Plaintiffs' Reply Brief in Support of Plaintiffs' Motion, hereinafter "Plaintiffs' Reply," Docket Item No. 104, at 3:12-13; see also FAC ¶ 23 ("For 9 years, Defendants allowed activists to pass out leaflets and engage in free speech activities at the HP Pavilion during the annual RINGLING event").)

However, in September 2003, things went awry. On September 3, 2003, the Circus returned to the HP Pavilion in San Jose--and Plaintiffs returned to protest the Circus. (FAC ¶ 28.) In particular, Plaintiffs conducted their activities near the entrance to the Animal Open House, a makeshift viewing pavilion wherein the Circus's animals are displayed to patrons before show time, which was

2

1  constructed within the HP Pavilion's parking lot.  (FAC ¶¶ 29-32.)  Defendants arrested or otherwise

2  harassed Plaintiffs while they protested, distributed flyers, and/or videotaped.  (FAC ¶¶ 34-39.)

3        Through discovery, Plaintiffs allegedly have learned more details about the incident on

4  September 3, 2003.  Plaintiffs now seek to amend the First Amended Complaint to conform with the

5  newly discovered evidence.  (Plaintiffs' Reply at 1:1-2 ("Plaintiffs . . . seek to amend their pleadings

6  to conform with the evidence that has been developed in discovery").)  In particular, Plaintiffs

7  allegedly have learned that Carl Mitchell, City's Senior Deputy Attorney, officials from HPPM, and

8  officials from the San Jose Police Department met a few days before the Circus's September 3, 2003

9  performance.  (Plaintiffs' Reply at 5:23-6:1.)  At that meeting, Defendants allegedly conspired to

10 concoct an arbitrary "trespassing policy" to arrest Plaintiffs while they protested the Circus.

11 (Plaintiffs' Reply at 6:1-4.)  According to Plaintiffs,

12 > As a way to circumvent free speech policies at HP Pavilion that permitted the animal activists' activities, Senior Deputy City Attorney Carl Mitchell along with representatives from . . . [HPPM] established a new policy, arbitrarily ascribing the parking lost as 'private property.' As such, Mitchell counseled that representatives from [HPPM] could make citizens' arrests of the animal rights activists so long as they treated the parking lots as 'private property.'

15 (Declaration of G. Whitney Leigh in Support of Plaintiffs' Motion, hereinafter "Leigh Decl.," Docket

16 Item No. 94, Ex. D at 4:19-24; see also Leigh Decl. Ex. A at 48:2-7, 52:16-24; Leigh Decl. Ex. B at

17 28:5-18.)

18       Furthermore, Plaintiffs seek to join two additional defendants to this lawsuit:  Kenneth

19 Sweezey ("Sweezey") and Steven Kirsner ("Kirsner").  Sweezey and Kirsner allegedly are the

20 employees of HPPM who actually placed Plaintiffs under citizens' arrest.  (Leigh Decl. Ex. D ¶¶ 13-

21 14, 32-33, 39-40, 43, 47-18.)  Lastly, Plaintiffs seek to add a claim against HPPM, Sweezey, and

22 Kirsner for Violation of CAL. BUS. & PROF. CODE § 17200.  (See Leigh Decl. Ex. D ¶¶ 61-66.)

23

### III. STANDARDS

FED. R. CIV. P. 15(a) states that, "[A] party may amend the party's pleading only be leave of court . . . ; and leave shall be freely given when justice so requires."  "This policy is to be applied with 'extreme liberality.'"  WILLIAM W. SCHWARZER, A. WALLACE TASHIMA & JAMES M. WAGSTAFFE, FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 8:414 (2004) (citing Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003)).  The decision to "grant[] or den[y] . . . leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion."  Id. § 8:413 (citing Swanson v. United States Forest Service, 87 F.3d 339, 343 (9th Cir. 1996)).

### IV. DISCUSSION

**A.  Plaintiffs May Not Add Sweezey and Kirsner as Defendants**

Plaintiffs may not add Sweezey and Kirsner as defendants to this lawsuit.  As an initial matter, in this Court's opinion, that they add little, if nothing, to Plaintiffs' lawsuit.  Even if this Court accepts as true all of the allegations in Plaintiffs' Proposed Second Amended Complaint, at all times relevant to this lawsuit, Sweezey and Kirsner acted in their capacity as employees of HPPM.  (Leigh Decl. Ex. D ¶¶ 13-14 (alleging that Sweezey and Kirsner "at all time material to this amended and supplemental complaint worked for the HP Pavilion"); Leigh Decl. Ex. D ¶ 34 (alleging that Plaintiff Bolbol was placed under citizne's arrest by "KEN SWEEZEY from the PAVILION MANAGEMENT"); Leigh Decl. Ex. D ¶ 40 (alleging that "KEN SWEEZEY of Pavilion MANAGEMENT" ordered that Plaintiff Cuviello be arrested); Leigh Decl. Ex. D ¶ 43 (alleging that Sweezey attended a meeting "on behalf of the HP PAVILION").)  HPPM, of course, is already a party to this lawsuit.  Furthermore, statute of limitations issues surround Plaintiffs' claims against Sweezey and Kirsner.  (The parties did not brief

this topic.) As this Court suggested at the hearing, the statute of limitations period for a § 1983 lawsuit is one year.

> '[T]he length of the limitations period [of § 1983] . . . [is] governed by state law.' The particular period which is to be used is the one which applies to 'tort actions for the recovery of damages for personal injuries.' . . . '[C]ourts considering § 1983 claims should borrow the general or residual statute for personal injury actions.' [¶] . . . [I]n California the general, residual statute of limitations for personal injury actions is the one year period set forth in California Civil Procedure Code section 340(3).

Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999) (citations omitted). When this Court raised this point to Plaintiffs' counsel, he confessed that he had not researched the issue thoroughly. He stated his belief that the statute of limitations period was two years, but, he represented, if it turned out that the statute of limitations period was one year, he would be willing to withdraw his motion to add Sweezey and Kirsner to this lawsuit. For these reasons, this Court denies Plaintiffs' motion to add Sweezey and Kirsner to this lawsuit.

**B. Plaintiffs May Not Add a Claim Under CAL. BUS. & PROF. CODE § 17200**

Plaintiffs may not add a claim under CAL. BUS. & PROF. CODE § 17200. CAL. BUS. & PROF. CODE § 17200 prohibits five wrongs: (1) unlawful business acts/practices; (2) unfair business acts/practices; (3) fraudulent business acts/practices; (4) unfair, deceptive, untrue, or misleading advertising; and (5) any act prohibited by CAL. BUS. & PROF. CODE §§ 17500-17577.5. WILLIAM L. STERN, BUS. & PROF. C. § 17200 PRACTICE § 3:13 (2005). Only the first three wrongs potentially at issue here.

The word "unlawful," as used in CAL. BUS. & PROF. CODE § 17200, extends "'to anything that can properly be called a business practice and that at the same time is forbidden by law.'" People v. E.W.A.P., Inc., 106 Cal. App. 3d 315, 319 (1980) (citations omitted). Here, HPPM's allegedly "unlawful" acts are the same acts on which Plaintiffs already are suing HPPM--namely, Violation of

1  42 U.S.C. § 1983 (Violation of U.S. CONST. amend. I), Violation of CAL. CIV. CODE § 52.1 (Violation
2  of CAL. CONST. art. I, § 2(a)), and Violation of CAL. PENAL CODE §§ 602.1, 837, 847.  (See Leigh
3  Decl. Ex. D ¶ 61 (wherein Plaintiffs incorporate all preceding claims into their proposed claim under
4  CAL. BUS. & PROF. CODE § 17200).)  Thus, in essence, Plaintiffs' proposed claim under CAL. BUS. &
5  PROF. CODE § 17200 is identical to their other claims.  If HPPM violates one of Plaintiffs' other
6  claims, HPPM is liable under CAL. BUS. & PROF. CODE § 17200.  Similarly, if HPPM does not violate
7  any of Plaintiffs' other claims, HPPM is not liable under CAL. BUS. & PROF. CODE § 17200.  Thus,
8  Plaintiffs' claim under CAL. BUS. & PROF. CODE § 17200 adds little, if anything, to Plaintiffs' lawsuit.

9      Furthermore, even if Plaintiffs could state a claim under CAL. BUS. & PROF. CODE § 17200, the
10  remedy available thereunder do not differ greatly from the remedies already being sought.  Two
11  remedies are available under CAL. BUS. & PROF. CODE § 17200:  restitution and injunction.  See
12  STERN, supra, § 8:2  ("Two remedies are available to private litigants bringing claims under
13  §[] 17200 . . . :  injunction and restitution").  Plaintiffs do not pray for restitution, and Plaintiffs
14  already pray for injunctive relief.  (See FAC at 10:15-11:3 and Leigh Decl. Ex. D at 22:23-23:17.)
15  Thus, the remedies available under CAL. BUS. & PROF. CODE § 17200 adds little, if anything, to this
16  lawsuit.

17      Given that Plaintiffs' proposed claim under CAL. BUS. & PROF. CODE § 17200 adds little, if
18  anything, to this lawsuit, that Plaintiffs seek to add this claim extremely late in the proceedings, and
19  that addition of this claim would delay trial because HPPM would have to be permitted to conduct
20  some discovery, this Court denies Plaintiffs' motion to add a claim under CAL. BUS. & PROF. CODE §
21  17200.  See (HPPM's Opposition at 8:13-25 (noting that discovery is closed, that the deadline for
22  filing dispositive motions has passed, and that the addition of a claim under CAL. BUS. & PROF. CODE
23  § 17200 would require HPPM to conduct additional discovery); see also SCHWARZER ET AL., supra, §

8:424 (noting that prejudice to an opposing party "is by far the *most important* and most common reason for denying leave to amend") (citing Eminence Capital, LLC, 316 F.3d at 1052 ("Prejudice is the touchstone of the inquiry under rule 15(a)")).

**C. Plaintiffs' May Add Conspiracy Allegations Under 42 U.S.C. § 1983**

Plaintiffs may add conspiracy allegations under 42 U.S.C. § 1983. The prejudice that Defendants will suffer as a result of such additions is minimal. In this Court's opinion, Plaintiffs' attempt to add conspiracy allegations under 42 U.S.C. § 1983 is a good faith attempt to "amend their pleadings to conform with the evidence that has been developed in discovery." (Plaintiffs' Reply at 1:1-2.) Plaintiffs' newly proposed allegations regarding conspiracy under 42 U.S.C. § 1983 are not that different from the allegations that already exist in Plaintiffs' First Amended Complaint. For example, in Plaintiffs' First Amended Complaint, Plaintiffs allege that, "Defendants from the CITY OF SAN JOSE, the PAVILION MANAGEMENT, and RINGLING CIRCUS *worked together* to arrest activists engaging in what Defendants had previously agreed were protected free speech activities." (FAC ¶ 24 (emphasis added); see also FAC ¶ 33 ("Officers and employees of all defendants repeatedly *discussed together* how to implement arrests to stop the plaintiffs from engaging in free speech activities") (emphasis added).) Plaintiffs' newly proposed allegations essentially flesh out these allegations. Through discovery, Plaintiffs claim to have learned that Carl Mitchell, City's Senior Deputy Attorney, officials from HPPM, and officials from the San Jose Police department conspired to arrest Plaintiffs by concocting an arbitrary "trespassing policy." (Plaintiffs' Reply at 5:23-6:24.) Because Plaintiffs merely seek to conform their Complaint to newly discovered evidence, and because Plaintiffs' proposed allegations are not dissimilar to Plaintiffs' previous allegations, this Court grants Plaintiffs' motion to add conspiracy allegations under 42 U.S.C. § 1983.

### D. Plaintiff Kuba May Amend

In its Opposition, HPPM argues that Plaintiff Kuba should not be granted leave to amend the First Amended Complaint because "Kuba has released any claims he may have against HP Pavilion Management and its employees . . . , including the claims he would assert in the proposed second amended complaint." (HPPM's Opposition at 2:11-13.) HPPM devotes only a paragraph or so to this argument. (See HPPM's Opposition at 5:18-6:2.) It is still unclear as to whether the Settlement Agreement actually is binding upon Kuba. (See Plaintiffs' Reply at 7:18-9:25 (arguing that Kuba rescinded the Settlement Agreement).) Given the relatively short shrift that HPPM gives this argument, and the liberality of amendment rules, this Court permits Kuba to amend the First Amended Complaint. However, in HPPM's Answer to Plaintiffs' Second Amended Complaint, HPPM may assert Kuba's alleged settlement agreement as a defense against him. Furthermore, notwithstanding this Court's Scheduling Order, HPPM may, if it so chooses, re-raise this argument more fully and directly in a Motion for Summary Judgment against Kuba.

## V. CONCLUSION

For the reasons set forth above, this Court GRANTS Plaintiffs' Motion in part and DENIES it in part. Plaintiffs shall file their Second Amended Complaint, consistent with this Order, on or before June 17, 2005. Because Defendant City's Motion for Judgment on the Pleadings (Docket Item No. 76) is premised upon Plaintiffs' First Amended Complaint, this Court deems City's Motion as moot. Defendants shall file their Answers to Plaintiffs' Second Amended Complaint on or before June 24, 2005.

Dated:  June 10, 2005                                    /s/James Ware
                                                         JAMES WARE
                                                         United States District Judge

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  Christine L. Garcia christine@animalattorney.com
Frank R. Ubhaus fru@berliner.com
3  G. Whitney Lee wleigh@gonzalezleigh.com
James McManis jmcmanis@mfmlaw.com
4  Jessica Valenzuela Santamaria jvalenzeulasantamaria@mfmlaw.com
Lizbeth Brown lizbethbrown@aol.com
5  Marwa Elzankaly melzankaly@mfmlaw.com
Nima Nami nimanami@hotmail.com
6  Nima Nami nimanami@hotmail.com
Nora Valerie Frimann cao.main@sanjoseca.gov
7  Rosa Tsongtaatarii Rosa.Tsongtaatarii@ci.sj.ca.us
Thomas P. Murphy tpm@berliner.com

8
**Dated: June 10, 2005**                                      **Richard W. Wieking, Clerk**
9

10                                                            **By:/s/JWchambers**
                                                                  **Ronald L. Davis**
11                                                                **Courtroom Deputy**