IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Deniz Bolbol, et al., | NO. C 04-00082 JW |
| Plaintiff(s), | **ORDER MODIFYING AUGUST 24, 2004'S PRELIMINARY INJUNCTION** |
| v. | |
| Ringling Brothers and Barnum and Bailey Circus, et al., | |
| Defendant(s). | |

## I. INTRODUCTION

Plaintiffs, a group of animal rights activists brought this action against Defendants Feld Entertainment, Inc., dba Ringling Bros. and Barnum & Bailey Circus ("Circus") and the San Jose Arena Management Company, LLC, dba and sued herein as HP Pavilion Management ("HP Pavilion Management") (collectively "Defendants") in January 2004, under 48 U.S.C. § 1983 (claiming violation of their First Amendment rights under the United States Constitution), and CAL. CONST. art I, § 2(a) (California's Liberty of Speech Clause), and CAL. PENAL CODE §§ 602.1, 837, and 847 (false arrest).

On August 24, 2004, this Court granted Plaintiffs' request for a preliminary injunction governing the conduct of Plaintiffs on the grounds of the HP Pavillion for the duration of this litigation. See Order Granting Plaintiffs' Motion for Preliminary Injunction, dated August 24, 2005, and Preliminary Injunction, dated August 24, 2004. Presently before this Court is Plaintiffs' Motion for Modification of the August 24, 2004's Preliminary Injunction. Plaintiffs' motion was heard on August 22, 2005. Based upon all papers filed to date and oral arguments, this Court modifies the August 24, 2004 Preliminary Injunction Order as

set forth below.

## II. BACKGROUND

The HP Pavilion is a large indoor arena in San Jose, which serves as a venue for major sporting events, musical concerts, and other forms of entertainment. The City of San Jose owns the HP Pavilion facility itself, as well as the land on which it is built. Defendant San Jose Arena Management Company, LLC, which does business as HP Pavilion Management, exclusively operates the HP Pavilion facility under a long-term operating agreement. HP Pavilion Management has exclusive possession and control of the HP Pavilion facility—including its parking lots.

As it did last year, HP Pavilion will be hosting the Circus beginning August 24, 2005. One of the special features of the Circus is the Animal Open House, which is set up in HP Pavilion's parking lot. The Animal Open House begins 90 minutes before show time and ends 30 minutes before show time, and enables ticket holders to see the Circus's animals up close.

According to the complaint and subsequent briefs filed by the parties, the HP Pavilion has hosted the Circus for years. Plaintiffs contend that for each year that the Circus has been in town, they have traveled to the HP Pavilion to distribute to ticket holders leaflets regarding the treatment of animals. Plaintiffs contend that their activism historically has been peaceful and there has never been any altercation. Plaintiffs assert that when people declined to accept a leaflet, Plaintiffs would accept such declination and proceed to a different patron.

In September 2003, Plaintiffs claim, Defendants, "without warning, . . . worked together to arrest [them]." (First Amended Complaint ¶ 24.) As the result, Plaintiffs filed this instant suit. Plaintiffs then filed a Motion for Preliminary Injunction which the Court granted on August 24, 2005.

//
//
//
//

United States District Court
For the Northern District of California

1    In March 2005, HP Pavilion Management entered into a settlement agreement with three of the
2    Plaintiffs, Aaron Lodge, Tracey DeMartini, and Alfredo Kuba.[1] (HP Pavilion Management Opp'n to
3    Motion for Modification of Preliminary Injunction, hereafter "HP Pavilion Management Opp'n" at 5.)
4    Under the non-confidential portion of the settlement, HP Pavilion agreed to adopt a "Free Speech
5    Protocol" for the Circus event that permits speech activists access to virtually the entire HP Pavilion parking
6    lots.

7    As Plaintiffs did last year, Plaintiffs wish to be back at the Circus and to distribute leaflets at this
8    year's Circus. However, Plaintiffs seek to modify the very preliminary injunction it moved for in August of
9    2004. Specially, Plaintiffs contend that subsequent events demonstrate that Defendants' claims regarding
10   the necessity of their requested restrictions were legally deficient and factually baseless. Also, Plaintiffs
11   assert that Defendant HP Pavilion Management's "Free Speech Protocol" plainly exceeds the restrictions
12   HP Pavilion formerly contended was necessary. (Motion at 1.)

13   During oral argument, Defendant HP Pavilion Management stated that the Court should not
14   consider Plaintiffs' motion due to improper reliance on HP Pavilion Management's Rule 68 settlement offer
15   and the March 2004 settlement agreement. However, if the Court were inclined to modify the August 24,
16   2004 Preliminary Injunction, HP Pavilion urged the Court to adopt its "Free Speech Protocol" because the
17   protocol calls for reasonable time, place, and manner restrictions. Defendant Feld Entertainment, Inc.,
18   opposes motion on the grounds that it was not properly noticed, it is not based on any new facts, and the
19   August 24, 2004, Preliminary Injunction is constitutional.

## III. STANDARDS

21   Upon motion to vacate or modify a preliminary injunction, movant must show "changed
22   circumstances which make the continuation of the injunction inequitable" by presenting "new facts to the
23   district court which would justify modification." <u>Winterland Concessions Compnay v. Trela</u>, 735 F.2d 257,
24   260 (7th Cir. 1984). The movant must present "new facts or legal matters which could not have been

---

[1] Plaintiff Alfredo Kuba has since attempted to get out of the settlement agreement and HP Pavilion Management position is that Kuba remains bound by the terms of his agreement, which include a dismissal of his claims against HP Pavilion Management. <u>See</u> Docket No. 98.

3

presented at the original hearing on the preliminary injunction" which are "evidence of changed circumstances which would make continuation of the injunction inequitable." Merrell-National Laboratories, Inc., v. Zenith Laboratories, Inc., 579 F.2d 786, 791-792 (3d Cir. 1978); Tanner Motor Livery, Ltd. v. Avis, Inc., 316 F.2d 804, 810 (9th Cir. 1963). The motion to modify does not force the trial judge to permit relitigation of his original determination that the injunction should issue. Winterland, supra.

## IV. DISCUSSION

At the hearing of the motion, it became apparent that Plaintiffs' ultimate desire is to have the injunction vacated. However, it appears to the Court that there is still a need to provide guidance to the parties with respect to where expressive activities may or may not take place. The Court notes Defendant HP Pavilion Management, in connection with a partial settlement with two other Plaintiffs, have agreed to a "Free Speech Protocol" which expands the area of expressive activities. Although the existing Plaintiffs are not content with even this expanded protocol, the Court recognizes that both sides of this action have legitimate and important interests to protect. The Court believes that a modification of the preliminary injunction along the lines of the Free Speech Protocol will accommodate those interests and give certainty to what conduct is restricted if any. Thus, the Court believes the restrictions are reasonable for the purpose of a preliminary injunction and modifies the Order as follows:

1. Expressive activities are permitted anywhere in the HP Pavilion parking lots, except within areas bounded by a semi-circle having a ten-foot radius whose center is the entrance to the queue to the Animal Open House;

2. Free speech activists are permitted in the area at the top of the steps of the North entrance to the Arena but none may conduct expressive activities any closer than 20 feet from the North entrance doors;

3. Activists are free to videotape in the same manner as any member of the public; and

4. Activists are allowed to park in the HP Pavilion parking lots in the same manner as any member of the public.

4

Nothing in this modification of the preliminary injunction is intended to prohibit Plaintiffs from distributing leaflets or engaging in other expressive activities at other places in the vicinity of the HP Pavilion.

Nothing in this modification order applies to Defendant City of San Jose, which is free to conduct law enforcement activities as it sees fit.

Defendants' security personnel are permitted to notify any person identified in interest with Plaintiffs to cease and desist from any violation of this injunction.  If the violation persists, Defendants may take reasonable actions to enforce the peaceful enjoyment of its patrons, including ejectment of the Plaintiffs from the HP Pavilion facilities.

### V. CONCLUSION

For the reasons stated above, the Court modifies its August 24, 2004 Preliminary Injunction Order. The parties are responsible for distributing a copy of this Order of modification of the preliminary injunction to any person in interest with them, so that all are aware of its terms.

Dated: August 23, 2005

/s/ James Ware
JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Christine L. Garcia christine@animalattorney.com
Frank R. Ubhaus fru@berliner.com
J. Kirk Boyd kirkboyd@aol.com
Jessica Valenzuela Santamaria jvalenzuelasantamaria@mfmlaw.com
Lizbeth Brown lizbethbrown@aol.com
Marwa Elzankaly melzankaly@mfmlaw.com
Nora Valerie Frimann cao.main@sanjoseca.gov
Thomas P. Murphy tpm@berliner.com

Dated: August 23, 2005                                        Richard W. Wieking, Clerk

                                                              By:   /s/ JW Chambers
                                                                    Ronald L. Davis
                                                                    Courtroom Deputy