United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Deniz Bolbol, et al., | NO. C 04-00082 JW |
| Plaintiff(s), <br> v. <br> Ringling Brothers and Barnum and Bailey Circus , et al., <br> Defendant(s). | **ORDER DENYING PLAINTIFFS' REQUEST TO REOPEN FACT DISCOVERY** |

## I. BACKGROUND

Plaintiffs, a group of animal rights activists brought this action against Defendants Feld Entertainment, Inc., dba Ringling Bros. and Barnum & Bailey Circus ("Circus") and the San Jose Arena Management Company, LLC, dba and sued herein as HP Pavilion Management ("HP Pavilion Management") (collectively "Defendants") in January 2004, under 48 U.S.C. § 1983 (claiming violation of their First Amendment rights under the United States Constitution), and CAL. CONST. art I, § 2(a) (California's Liberty of Speech Clause), and CAL. PENAL CODE §§ 602.1, 837, and 847 (false arrest).

On August 22, 2005, this Court held a hearing on Plaintiffs' motion for modification of the preliminary injunction governing Plaintiffs' conduct grounds of the HP Pavilion. issued on August 24, 2004. The Court modified the preliminary injunction on August 23, 2005.  Presently before this Court is Plaintiffs' request to reopen fact discovery, couched as "miscellaneous administrative request." (Plaintiffs Miscellaneous Administrative Request to Reopen Fact Discovery, hereafter, "Motion"; See Docket Item No. 162.)

## II. STANDARDS

Once the district court has filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16, it "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end. . . . The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension.")

Additional factors used by the court in deciding whether to reopen discovery, may include: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence. U.S. ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995), cert. granted in part, 519 U.S. 926, 117 S.Ct. 293, 136 L.Ed.2d 212, vacated on other grounds, 520 U.S. 939, 117 S.Ct. 1871, 138 L.Ed.2d 135 (1997), citing, Smith v. United States, 834 F.2d 166, 169 (10th Cir. 1987). Finally, the decision whether to reopen discovery lies solely in the trial court's discretion. U.S. ex rel. Schumer, 63 F.3d at 1526.

## III. DISCUSSION

As a preliminary matter, the Court notes that Plaintiffs have improperly filed this request as a "miscellaneous administrative" matter pursuant to Rule 7-11 of the Civil Local Rules. Rule 7-11 covers requests "not otherwise governed by a federal statute, Federal or local rules ...". Civ. L.R. 7-11. A request to reopen fact discovery is governed by Rule 16 of the Federal Rules of Civil Procedure as discovery is part of a pretrial scheduling order. The Court also notes that while maintaining that the request is miscellaneous, Plaintiffs have filed multiple "replies" to Defendants' oppositions, something clearly not permitted when a party files a motion for administrative relief under Rule 7-11. Nevertheless, the Court will address Plaintiffs' motion on the merits.

2

Plaintiffs contend that "good cause" exists to reopen discovery in order that they may: 1) obtain discovery as to their second amended complaint; 2) obtain discovery regarding the purportedly "new" allegations made in the declarations of HP Pavilion and Feld Entertainment employees concerning Plaintiffs' improper behavior, in opposition to Plaintiffs' motion to modify the preliminary injunction; and 3) obtain discovery as to Plaintiff Alfredo Kuba's settlement of this action. (Motion at 3.)

**A.      Discovery as to Plaintiffs' Second Amended Complaint**

On June 10, 2005, the Court granted Plaintiffs' application to file a Second Amended Complaint (SAC) to add conspiracy allegations under 42 U.S.C. § 1983. (See Docket Item No. 117.) Specially the Court found that: 1) Plaintiffs' newly proposed allegations regarding conspiracy under 42 U.S..C. § 1983 were not that different from the allegations that already existed in Plaintiffs' First Amended Complaint (FAC), rather, they essentially fleshed out those allegations; and 2) Plaintiffs merely sought to conform their Complaint to newly discovered evidence. (Order at 7.) For these reasons, the Court found the prejudice that Defendants will suffer as a result of such additions was minimal. Id. Plaintiffs now contend that little discovery has been taken on this issue and seek to reopen fact discovery to obtain written and deposition discovery concerning any policies promulgated but the City of San Jose on this issue and the circumstances of their adoption. (Motion at 3.)

Defendants oppose this request, pointing out that the SAC was only filed in order to confirm to evidence already developed during discovery. As stated above, the Court granted Plaintiffs' application to file the SAC because Plaintiffs merely sought to conform their Complaint to newly discovered evidence. This means that Plaintiffs had already obtained evidence sufficient to allege conspiracy allegations. Even if it is true that they have done little discovery on the issue, it does not appear to this Court that Plaintiffs have been diligent in obtaining discovery since the Court issued its Order granting Plaintiffs leave to amend in June of this year. It has been a little over four months since the Order and Plaintiffs are just now raising this issue with the Court. Plaintiffs' request makes no mention of whether despite reasonable diligence, Plaintiffs have been unable to seek any additional evidence or why Plaintiffs have waited until now to seek an extension. The Court finds good cause does not exist to reopen discovery based on the conspiracy allegation added in the SAC. Plaintiffs' request is DENIED on this basis.

**B.    Discovery as to the HP Pavilion and Feld Entertainment Employees' Declarations**

Plaintiffs contend that at the August 22, 2005, hearing on Plaintiffs' motion for modification of the preliminary injunction, Defendant HP Pavilion Management raised allegations of Plaintiffs' improper behavior toward certain HP Pavilion and Feld Employees, and other unidentified patrons which have not been raised before. Plaintiffs contend that they are entitled to discover the identities of these employees and patrons and the nature of their allegations against the individual Plaintiffs.

Contrary to Plaintiffs' contention, allegations of Plaintiffs' conduct toward Defendants' employees and patrons are not new. These allegations were raised in the employees' declarations of August of 2004 in opposition to Plaintiffs' original motion for a preliminary injunction. These same allegations were referenced in the Defendants' oppositions to Plaintiffs' motion for modification of the preliminary injunction on August 2005. (HP Pavilion Opp'n at 4.) Plaintiffs were served these statements prior to when discovery first closed on December 31, 2004. Plaintiffs contend that because there was an exchange in representation, new counsels have had no actual opportunity to obtain relevant information about these claims. However, Plaintiffs do not account for the Court whether they have been diligent in obtaining the relevant discovery within the guidelines established by the Court. Plaintiffs' request to reopen fact discovery on this basis is DENIED for failure to show good cause.

**C.    Discovery as to Kuba's Settlement**

Plaintiffs contend as of June 2005, they learned that Defendant HP Pavilion is planning on bring a dispositive motion against Kuba for allegedly breaching a settlement agreement he signed while represented by counsel, they are entitled to discovery on the factual basis for which HP Pavilion intends to move for dismissal. (Motion at 3.) Plaintiffs do not point to, and the Court does not see, what discovery is needed with respect to this issue since the only issue is whether Kuba is bound by the written settlement agreement which was executed on March 11, 2005. Plaintiffs contend that they need to know the facts underlying HP Pavilion's allegation that the agreement is binding on Kuba in order to oppose the motion. (Motion at 3.) Whatever facts Plaintiffs believe they need in order to "oppose" the motion will be evident in HP Pavilion's moving papers. Plaintiffs will have ample opportunity to argue against whatever basis HP Pavilion will raise in their motion via Plaintiffs' opposition.

4

Additionally, it has been nine months since the agreement was executed and eight months since Kuba allegedly failed to join the other plaintiffs in their Notice of Dismissal based on the settlement, both actions completed before final discovery cut-off. Even if Plaintiffs did not learn of HP Pavilion's intention to file for dismissal until June 2005, three months have passed without any request to reopen discovery until now. Plaintiffs have failed to show that they have been diligent at obtaining information necessary to defend any action against Kuba as the result of his alleged breach. Plaintiffs' request to reopen fact discovery on this basis is DENIED.

## IV. CONCLUSION

For the reasons stated above, the Court DENIES Plaintiffs' Request to Reopen Fact Discovery.

Dated: October 13, 2005

/s/ James Ware
JAMES WARE
United States District Judge

5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Christine L. Garcia christine@animalattorney.com
Frank R. Ubhaus fru@berliner.com
J. Kirk Boyd kirkboyd@aol.com
Jessica Valenzuela Santamaria jvalenzuelasantamaria@mfmlaw.com
Lizbeth Brown lizbethbrown@aol.com
Marwa Elzankaly melzankaly@mfmlaw.com
Nora Valerie Frimann cao.main@sanjoseca.gov
Thomas P. Murphy tpm@berliner.com

**Dated: October 13, 2005**                              **Richard W. Wieking, Clerk**

                                                          **By:   /s/ JW Chambers**
                                                                   **Ronald L. Davis**
                                                                   **Courtroom Deputy**

**United States District Court**
For the Northern District of California