IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Deniz Bolbol, et al., | NO. C 04-00082 JW |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |
| v. | |
| City of San Jose, et al., | |
| Defendants. | |

On the evening of January 6, 2006, Plaintiffs filed a Motion for Shorten Time for a hearing on their Motion for Leave to file a Third Amended Complaint. Plaintiffs requested that the underlying motion be heard on January 9, 2006, the day before the trial for this case was scheduled to commence. Since Plaintiffs' motion was filed after the Court's business hours, the Court was unable to respond to it. (See Docket Item No. 199.)

On the morning of January 9, 2006, HP Pavilion Management filed its opposition to Plaintiff's' motion to amend. The city of San Jose has yet to file any opposition, but counsel for the City did appear on January 9, 2006 to challenge the motion. The Court did not call the case because

the Court had not approved the motion shortening time. Accordingly, Plaintiffs' Motion for Shorten Time is moot.

On January 10, 2006, when the parties appeared at 9 a.m. for jury selection, Plaintiffs orally made their motion for leave to file the Third Amended Complaint. Plaintiffs essentially contend that in light of newly discovered evidence, they wish to amend their complaint to add a cause of action under California Civil Code 52.1. The Court took the motion under submission for consideration.

On January 11, 2006, the Court issued an order regarding the objections Defendants had made in answering Plaintiffs' Corrected Second Amended Complaint. (See Docket Item No. 209.) That Order was intended to address Plaintiffs' error in leaving out a claim under the California Liberty of Speech Clause only, not Plaintiffs' Cal. Civ. Code § 52.1. However, the Court had inadvertently interchanged the two statutes. By this Order, the Court corrects its typographical error. Plaintiffs' Corrected Second Amended Complaint remains the operative Complaint with the additional claim of a violation under the California Liberty of Speech Clause and Plaintiffs' prayer for relief for this claim is limited to a declaratory or injunctive judgment.

With respect to Plaintiffs' Motion for leave to file a Third Amend Complaint to add Cal. Civ. Code § 52.1, the Court made its ruling on the record during the January 17, 2006 proceedings. Essentially, the Court found that unlike their California Liberty of Speech Clause claim, Plaintiffs have indeed abandoned their Cal. Civ. Code § 52.1. In their Application to File Second Amended Complaint, Plaintiffs stated that: "Plaintiffs' proposed amended complaint responds to the City's motion for judgment on the pleadings by (1) specifying the City policy underlying Plaintiffs' action under 42 U.S.C. 1983 and (2) withdrawing Plaintiffs' causes of action under California Civil Code section 52.1(a)." (See Docket Item No. 93, at 6, fn.2.) Clearly, Plaintiffs had voluntarily withdrawn this claim.

With respect to Plaintiffs' contention they would not have abandoned this claim had Defendants properly produced the electronic mail for which they rely upon for this motion, Plaintiffs' statement in their moving papers proves fatal to this argument. Plaintiffs state: "Plaintiffs

2

1  in this motion thus request only that they be permitted to add a cause of action to the complaint
2  whose elements have already been fully explored in discovery in the context of other asserted
3  claims."  (<u>See</u> Docket Item No. 201, at 3.)  This statement demonstrates that the electronic mail
4  Plaintiffs so heavily relied upon adds nothing new to the information Plaintiffs have had in their
5  possession.  It appears that the subject matter of the August 29, 2003 electronic mail has long been
6  known to Plaintiffs.  Thus, if the elements for the cause of action have already been fully explored in
7  discovery, Plaintiffs have had ample time to ask for leave to amend their complaint to reassert the
8  Cal. Civ. Code § 52.1 claim.  Plaintiffs did not raise this issue with the Court during either the
9  Preliminary Pretrial Conference nor the Final Pretrial Conference.  Accordingly, the Court DENIES
10 Plaintiffs' Motion for Leave to file a Third Amended Complaint.

Dated: January 18, 2006

_____
JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Bryan W Vereschagin bvereschagin@gonzalezleigh.com
Christine L. Garcia christine@animalattorney.com
David Michael Rollo david.rollo@cco.sccgov.org
Frank R. Ubhaus fru@berliner.com
G. Whitney Leigh wleigh@gonzalezleigh.com
James McManis jmcmanis@mfmlaw.com
Jessica Valenzuela Santamaria jvalenzuelasantamaria@cooley.com
Juan Enrique Pearce epearce@gonzalezleigh.com
Lizbeth Brown lizbethbrown@aol.com
Marwa Elzankaly melzankaly@mfmlaw.com
Matt Gonzalez mgonzalez@gonzalezleigh.com
Michael J. Dodson cao.main@sanjoseca.gov
Nima Nami nimanami@hotmail.com
Nima Nami nimanami@hotmail.com
Nora Valerie Frimann cao.main@sanjoseca.gov
Rita A. Hao rhao@gonzalezleigh.com
Rosa Tsongtaatarii Rosa.tsongtaatarii@ci.sj.ca.us
Shannon N. Cogan shannon.cogan@berliner.com
Thomas P. Murphy tpm@berliner.com

**Dated: January 18, 2006**                               **Richard W. Wieking, Clerk**


                                                          **By:   /s/ JW Chambers**
                                                                **Melissa Peralta**
                                                                **Courtroom Deputy**

**United States District Court**
For the Northern District of California