United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Deniz Bolbol, et al., | NO. C 04-00082 JW |
| Plaintiffs, | **JUDGMENT AND PERMANENT INJUNCTION** |
| v. | |
| HP Pavilion Management, et al., | |
| Defendants. | |

Pursuant to the verdict of the jury, on their First Claim for violations of 42 U.S.C. Section 1983, judgment is entered in favor of Defendant City of San Jose against Plaintiffs Deniz Bolbol, Joseph Cuviello and Alfredo Kuba. Plaintiffs shall take nothing by way of judgment from this Defendant.

Pursuant to the verdict of the jury, on her First Claim for Violation of 42 U.S.C. Section 1983 and Second Claim for False Arrest, judgment is entered in favor of Plaintiff Deniz Bolbol against Defendant San Jose Arena Management Company, LLC, doing business as HP Pavilion Management for $1,200.00 per each claim for the sum of $2,400.00.

Pursuant to the verdict of the jury, on his First Claim for Violation of 42 U.S.C. Section 1983 and Second Claim for False Arrest, judgment is entered in favor of Plaintiff Joseph Cuviello against Defendant San Jose Arena Management Company, LLC, doing business as HP Pavilion Management for $1,200.00 per each claim for the sum of $2,400.00.

Plaintiffs shall recover their costs and reasonable attorney's fees from Defendant San Jose Arena Management Company, LLC, doing business as HP Pavilion Management.

**INJUNCTION**

Pursuant to the findings of the Court sitting without a jury, Defendant San Jose Arena Management Company, LLC, doing business as HP Pavilion Management, is permanently enjoined as follows:

1. The injunction shall apply to Defendant San Jose Arena Management Company, LLC, doing business as HP Pavilion Management, its officers, agents and employees (collectively referred to as "HP Pavilion Management") and any non-public entity acting in concert with HP Pavilion Management.

2. The injunction is intended to protect the expressive activities of the Plaintiffs Deniz Bolbol and Joseph Cuviello (collectively referred to as the "Plaintiffs").

3. For purposes of this injunction, the Court declares the following to be within the definition of a "public forum:"

> **All public streets and sidewalks in and around the HP Pavilion, except as blocked off from the general public during transportation or movement of animals pursuant to concerns for the safety of the animals and their caretakers.**

4. For purposes of this injunction, the Court declares the following to be within the definition of a "limited public forum:"

> **A.   The North parking lot, except for the area of the Animal Open House and housing of Feld Entertainment personnel.**
>
> **B.   The North entrance to HP Pavilion, including the steps and entry level**.

5. For purposes of this injunction, the Court declares the following to be within the definition of a "non-public forum:"

> **A.   Interior of the HP Pavilion during ticketed events;**
>
> **B.   The area of the North parking lot reserved for the ticketed Animal Open House;**

2

  **C.** **The area of the North parking lot reserved for residence of Feld Entertainment personnel;**

  **D.** **Those portions of the public streets and sidewalks in and around the HP Pavilion, which are temporarily blocked off from the general public during transportation or movement of animals and equipments pursuant to concerns for the safety of the animals and their caretakers.**

6. HP Pavilion Management is enjoined from interfering with peaceful soliciting, leafletting, carrying billboards or sandwich boards, or other peaceful expressive activities by the Plaintiffs in any public forum or limited public forum as defined in this injunction, including the North parking lot, except for the area reserved for the Animal Open House and an area bounded by a semi-circle having a ten-foot radius whose center is the entrance to the queue to the Animal Open House; and

7. HP Pavilion Management is enjoined from interfering with photography or video taping by the Plaintiffs of any activity taking place in any public forum or limited public forum as defined in this injunction. Nothing in this injunction is intended to permit a Plaintiff to peer over walls or erected barriers to videotape activity taking place in any non-public forum.

8. Unless otherwise ordered, this injunction shall expire on the fifth anniversary of its issuance.

9. Nothing in this injunction order applies to Defendant City of San Jose, which is free to conduct law enforcement activities as it sees fit.

The Clerk shall close this file.

Dated: August 30, 2006

*James Ware*
JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Bryan W Vereschagin bvereschagin@gonzalezleigh.com
Christine Peek cpeek@mfmlaw.com
Christine L. Garcia christine@animalattorney.com
David Michael Rollo david.rollo@cco.sccgov.org
Frank R. Ubhaus fru@berliner.com
G. Whitney Leigh wleigh@gonzalezleigh.com
James McManis jmcmanis@mfmlaw.com
Jessica Valenzuela Santamaria jvalenzuelasantamaria@cooley.com
Juan Enrique Pearce epearce@gonzalezleigh.com
Lizbeth Brown lizbethbrown@aol.com
Marwa Elzankaly melzankaly@mfmlaw.com
Matt Gonzalez mgonzalez@gonzalezleigh.com
Michael J. Dodson cao.main@sanjoseca.gov
Nima Nami nnami@gonzalezleigh.com
Nora Valerie Frimann cao.main@sanjoseca.gov
Rita A. Hao rita.hao@ucop.edu
Rosa Tsongtaatarii Rosa.tsongtaatarii@ci.sj.ca.us
Shannon Kathleen Smyth-Mendoza cao.main@ci.sj.ca.us
Shannon N. Cogan shannon.cogan@berliner.com
Thomas P. Murphy tpm@berliner.com


**Dated: August 30, 2006**                                             **Richard W. Wieking, Clerk**


                                                                       **By:  /s/ JW Chambers**
                                                                       **Courtroom Deputy**

**United States District Court**
For the Northern District of California